E-FILED
Thursday, 12 March, 2026  04:07:09 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TECHNICAL METALS, INC. and HOFFMAN TOOL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:26-CV-01069 |
| MANUFACTURING REVITALIZATION CORPORATION OF AMERICA L.P. I, | ) ) ) ) | |
| Defendant. | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING CONCERNING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

---

Defendant Manufacturing Revitalization Corporation of America, L.P. I ("MRCA"), by and through its undersigned counsel, hereby submits Defendant's Memorandum of Law in support of Defendant's Motion to Stay Discovery.

### I.    INTRODUCTION

As demonstrated below, a stay of discovery is appropriate in this case.  This case arises from an asset-purchase transaction in which TechMetals, LLC ("Buyer"), and Defendant MRCA as guarantor for Buyer entered into an Asset Purchase Agreement ("APA") pursuant to which Buyer acquired substantially all of the operating assets of Technical Metals, Inc. ("TMI") and Hoffman Tool, Inc. ("HTI") (collectively, "Sellers") for an aggregate purchase price of approximately $17,000,000.  On the same date, the parties executed a Seller Promissory Note (the "Seller Note") and a Guaranty and Suretyship Agreement by MRCA as the guarantor (the "Guaranty").  All three instruments are part of a single integrated transaction.

1

The APA contains a mandatory, multi-step dispute resolution clause. Specifically, the APA requires the parties to first attempt to resolve disputes by mediation administered by JAMS Endispute. Disputes not resolved through mediation are to be "finally resolved by arbitration" pursuant to the APA's arbitration provision. This clause is broad and unqualified: it governs any dispute "arising out of or relating to" the APA and the transaction contemplated therein.

After paying an initial $10,000,000, a dispute arose as to paying additional sums as set forth in the APA. Mediation was held between TechMetal and the Sellers without resolving the dispute. Instead of proceeding to arbitration as provided in the APA, the Sellers filed suit against MRCA in Federal Court in the Western District of Texas (Dkt No. 1). MRCA answered the Complaint (Dkt No. 18) and then promptly moved to enforce the parties' bargain by filing a Motion to Compel Arbitration. (Dkt No. 21). The Sellers opposed the Motion (Dkt No. 23) and MRCA replied to the Sellers' opposition. (Dkt No. 26).

Without ruling on MRCA's motion to compel arbitration, the District Court for the Western District of Texas transferred venue of this case to this Court pursuant to a forum selection clause in the Seller Note. (DKT No. 34) MRCA's Motion to Compel Arbitration is pending before this Court for a ruling. Although the question of whether this dispute belongs in arbitration remains unresolved, the Sellers have now submitted written discovery requests to MRCA. The Sellers have submitted 23 Requests for Production, 14 Interrogatories, and 16 Requests for Admission. All discovery should be stayed pending this Court's ruling on MRCA's Motion to Compel Arbitration.[1]

---

[1] A more detailed recitation of the facts of the dispute underlying this action is set forth in MRCA's Motion to Compel Arbitration and will not be reiterated herein.

## II.   ARGUMENT

District courts have inherent power to control their dockets and enjoy broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "Courts in this circuit have considered the following factors when deciding whether to stay an action: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Jackson v. U.S. Bank National Association*, Case No. 25-2125, 2025 WL 2835759, at *1 (C.D. Ill. Aug. 18, 2025).

There is a strong federal policy favoring arbitration. *See*, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) and *Sweet Dreams Unltd., Inc. v. Dial-A-Mattress Int'l., Ltd.,* 1 Fed.3d 939 (7th Cir. 1993). As the Supreme Court noted in *Coinbase, Inc. v Bielski,* 599 U.S. 736, 740 (2023), there are many benefits to arbitration, *ie.,* "efficiency, less expense, less intrusive discovery, and the like." Requiring MRCA to engage in discovery will deprive it of the very benefits that it negotiated with respect to the arbitration agreement. The Seventh Circuit has instructed that "refusal to stay discovery on the merits of the [Plaintiff's] claims until the issue of arbitrability is resolved puts the cart before the horse." *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Granting a stay of discovery is important because "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do." *Id.*

A stay will not unduly prejudice or tactically disadvantage the Sellers. The motion to compel arbitration has been fully briefed and is ready for a decision to be issued. If the Court determines that this case should be arbitrated, that decision will dispose of all issues in this

Court.  Thus, a stay of discovery pending a decision will potentially avoid the unnecessary expense and burden of discovery.

### III.    CONCLUSION

This Court should enter an order granting MRCA's motion to stay discovery pending resolution of MRCA's Motion to Compel Arbitration.

MANUFACTURING REVITALIZATION
CORPORATION OF AMERICA L.P. I,

By:/s/ _____
James M. Kelly

James M. Kelly (ARDC# 6238519)
JAMES KELLY LAW FIRM, PC
7817 N. Knoxville Avenue
Peoria, IL 61614
T: (309) 679-0900
F: (309) 679-0919
E: jim@jameskellylawfirm.com
*Counsel for Defendant/Counter-Plaintiff Manufacturing Revitalization Corporation of America, L.P. I*

*Of Counsel:*
**Christopher K. Karic**
Furukawa Castles Karic LLP
800 Airport Blvd., Suite 504
Burlingame, California 94010
*Counsel for Defendant/Counter-Plaintiff Manufacturing Revitalization Corporation of America, L.P. I*

## CERTIFICATE OF SERVICE

I certify that on March 12, 2026, I electronically filed the foregoing **Defendant's Motion to Stay Discovery pending the Court's Ruling concerning Defendant's Motion to Compel Arbitration** and **Memorandum of Law in Support of Defendant's Motion to Stay Discovery pending the Court's Ruling concerning Defendant's Motion to Compel Arbitration** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys on record and that I have electronically mailed the documents to the following non CM/ECF participants:

Mark Alan Platt
Frost Brown Todd LLP
E:  mplatt@fbtgibbons.com

Kaitlyn Carrara
Frost Brown Todd LLP
E:  kcarrara@fbtgibbons.com

Robert Lee Edwards
Gordon Davis Johnson & Shane PC
E:  REdwards@eplawyers.com

/s/ *Brittnay E. Girouard*
Brittnay E. Girouard

James M. Kelly, ARDC No. 6238519
JAMES KELLY LAW FIRM, PC
7817 N. Knoxville Avenue
Peoria, IL 61614
T: (309) 679-0900
F: (309) 679-0919
E: jim@jameskellylawfirm.com
*Counsel for Defendant/Counter-Plaintiff Manufacturing Revitalization Corporation of America, L.P. I*

*Of Counsel:*
**Christopher K. Karic**
Furukawa Castles Karic LLP
800 Airport Blvd., Suite 504
Burlingame, California 94010
*Counsel for Defendant/Counter-Plaintiff Manufacturing Revitalization Corporation of America, L.P. I*

5